UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**
SEP 02 2010
Sept. 2, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Lisa N. Leverett
_____
(Name of the plaintiff or plaintiffs)

V.

Meadville Lombard
Theological School
_____
(Name of the defendant or defendants)

10CV5579
JUDGE GUZMAN
MAG. JUDGE ASHMAN

COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Lisa N. Leverett__ of the county of __Cook__ in the state of __IL__.

3. The defendant is __Meadville Lombard Theological School__, who resides at (street address) __5701 S. Woodlawn Ave.__
   (city) __Chicago__ (county) __Cook__ (state) __IL__ (ZIP) __60637__
   (Defendant's telephone number) (__773__) - __256-3000__

(Guide to Civil Cases for Litigants Without Lawyers: Page 43)

4) The plaintiff sought employment or was employed by the defendant at
   (street address) __5701 S. Woodlawn Ave.__
   (city) __Chicago__ (county) __Cook__ (state) __IL__ (ZIP code) __60637__

5. The plaintiff [check one box]
   (a) ☐ was denied employment by the defendant.
   (b) ☐ was hired and is still employed by the defendant.
   (c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,
   (month) __01__, (day) __05__, (year) __2009__.

7. (a) The plaintiff [check one box] ☐ *has not* / ☑ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☑ the United States Equal Employment Opportunity Commission on or about
       (month) __06__ (day) __23__ (year) __2009__.
   (ii) ☐ the Illinois Department of Human Rights on or about
       (month)_____ (day)_____ (year)_____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ YES ☐ NO

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

8. (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

   (b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) ~~July~~ AUG (day) __28__ (year) __2010__ a copy of which *Notice* is attached to this complaint.

(Guide to Civil Cases for Litigants Without Lawyers: Page 44)

9. The defendant discriminated against the plaintiff because of the plaintiff's [check all that apply]

   (a) ☐ Age (Age Discrimination Employment Act).
   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c) ☑ Disability (Americans with Disabilities Act)
   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

    ☐ YES  ☑ NO

11. Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); over 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; over the A.D.E.A. by 42 U.S.C.§12117.

12. The defendant [check all that apply]

    (a) ☐ failed to hire the plaintiff.
    (b) ☐ terminated the plaintiff's employment.
    (c) ☑ failed to promote the plaintiff.
    (d) ☐ failed to reasonably accommodate the plaintiff's religion.
    (e) ☑ failed to reasonably accommodate the plaintiff's disabilities.
    (f) ☑ other (specify): OFFERED PLAINTIFF A DEMOTION AND PAY CUT SOON AFTER RECEIVING PROOF OF DISABILITY. THIS PROOF WAS REQUESTED THOUGH THE DISABILITY HAD BEEN ACKNOWLEDGED FOR SEVERAL MONTHS AND PLAINTIFF WORE HEARING AID. DEFENDANT CLAIMED JOB CHANGE WAS DUE TO DOWNSIZING, BUT PLAINTIFF WAS REPLACED WITH 2 NEW EMPLOYEES.

(Guide to Civil Cases for Litigants Without Lawyers: Page 45)

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    _Please See Attached Document_

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury.  ☑ YES  ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check all that apply]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☑ Direct the defendant to re-employ the plaintiff.

    (c) ☑ Direct the defendant to promote the plaintiff.

    (d) ☐ Find that the defendant failed to reasonably accommodate the plaintiff's religion.

    (e) ☑ Find that the defendant failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ Direct the defendant to (specify): _Undergo American Disabilities Act Training_

    (g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(Guide to Civil Cases for Litigants Without Lawyers: Page 46)

Discrimination Bullet Points

- (1/5/09) Requested accommodation for hearing loss on first day of work and at least twice weekly from this date from supervisor, Sheri Reda. Ms. Reda refused consistently. Insisted on giving verbal instructions that I was required to note and follow. When I could not take dictation accurately due to hearing loss, and follow faulty instructions she became abusive.
- (3/12/09) I complained about abuse to her supervisor Neil Gerdes and informed him that I want to file a harassment complaint. He counsels me first not to file it, then to wait.
    - I begin to experience anxiety attacks.
- (3/13/09) Sheri Reda attempted to redefine my job description, which I refused and reported to Debbie Beiber, Neil Gerdes' supervisor, who is in charge of job definitions. Neil Gerdes, Sheri Reda and I had an informal meeting at which she accused me of insubordination and during which she verbally doubted my claims of hearing disability.
- (3/13/09) **Retaliation**: She sent an email to Debbie Beiber that accused me of being incapable of following her instructions. I am aware of this because I found a copy of the letter authored by Sheri on a shared library drive. This letter contains instructions that were sent to me by email under Debbie Beiber's name. This causes me to believe that Debbie Beiber sympathized entirely with Sheri Reda.
- (3/19/09) **Retaliation**: I twisted my ankle and could not climb stairs, so I requested from Neil Gerdes, that one of the library assistants help me with reshelving that day. He granted my request. Sheri Reda pulled the assistant off the job within fifteen minutes of my request for help from the assistant (Aimee was the assistant's first name).
- (3/20/09) Meeting with Sheri Reda, Neil Gerdes, Debbie Beiber.
    - **Retaliation**: Sheri falsely accused me of insubordination and refusing to follow her instructions. I reminded her that I have a hearing aid and need written lists and that I have requested these written lists since my first day of employment.
    - I mentioned her retaliatory behavior from the day before. Debbie Beiber and Neil Gerdes refused to acknowledge that Sheri's behavior was retaliatory and labeled it as an "overreaction.
    - It is decided that Sheri must give clear task lists and allow the assistants to help me twice per week (this is never acted upon).
    - The anxiety attacks increase in frequency and intensity. I begin to feel ill in Sheri Reda's presence. I make this known to Debbie Beiber and Neil Gerdes.
- (Beginning 3/20/09) Accommodation demanded from Sheri Reda's supervisors repeatedly, but is refused overtly, through inaction, or through illegible, impossible to follow, or false instructions.
    - **Retaliation**: Attempt to fabricate acts of insubordination. Lists were not accurate depictions of what she wanted from me. When lists were provided, she would at the end of the day shift the priorities on the list to prevent me from finishing jobs; call to verbally instruct me that she wanted something else done, then complain that the list was not followed or that her verbal instruction was not done correctly; or she would interfere in a job, which would to cause me to have to begin again.

- o **Retaliation:** She created a library assistant schedule that effectively placed all assistants' work during times that I was not in the library. As I could not reshelve books for several weeks due to my ankle injury, she accused me of being both insubordinate and ineffective in my job.
  - o No discernable reproof by supervisors of discriminatory behavior.
- 3/30/09 Accommodation request is made by Debbie Beiber to Sheri Reda to supply me with a detailed agenda and allow a tape recorder for a meeting. In the email reply Sheri Reda states that she does not know why I would request a tape recorder as I supposedly could not hear it (offensive) and that no one would be supplied with an agenda.
  - o At this meeting Sheri comes with a detailed agenda of her own. I asked her if I can have a copy of her agenda, then she stated that I do not need one. This exchange is recorded. I report this to Debbie Beiber.
- Beginning 3/30/09 and ending on 5/28/09 (the day I quit): During the following months Sheri Reda and I work separately as per her request.
  - o **Strategizing of my demotion and pay cut:** During this time, after being repeatedly told by students, professors, and various Meadville Lombard supervisors (*not* Sheri Reda, Neil Gerdes, and Debbie Beiber) that my work is stellar, and as I knew that Sheri would be leaving August 2009, I asked that Debbie consider me as her replacement. I am qualified (MA with archival training, currently enrolled in MLIS program). Debbie Beiber acknowledges that others admire my work, but claims that Sheri Reda might not be replaced and that she does not think I am qualified and could only offer a conditional promotion if any. I reiterate this request by email on 5/26/09.
  - o Unknown to me Sheri Reda, Neil Gerdes and Debbie Beiber hire an intern who is trained to be her replacement when I am not working (this was discovered by me on 5/27/09, the day I was offered a demotion).
- Early 4/09 Debbie Bieber requested that I provide proof of my disability through a hearing test paid for by Meadville Lombard Theological school. I agreed and took the test on 5/06/09. **I understand that this request was illegal.** The test proves my hearing loss and that I must be given accommodation.
- The last week of 5/09 Sheri Reda announced that she will quit Meadville Lombard Theological School. I reiterate my request to be moved into her position by email to Debbie Beiber on 5/26/09
- 5/27/09 I was offered a demotion with a pay cut. Debbie claimed that my job in the registrar's office was being eliminated.
  - o This was a falsehood, as an ad to refill my job was placed in July (less than two months later) on Craig's list. Debbie Beiber had hired someone to replace me before the end of summer break.
- 5/28/09 As the anxiety attacks had reached a pitch to where I could not enter my office without tears or facial tics, I quit that morning effective immediately.

(h) ☑ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _[signature]_

(Plaintiff's name) _LISA N. LEVERETT_

(Plaintiff's street address) _933 E 54TH PLACE #3_

(City) _CHICAGO_ (State) _IL_ (ZIP) _60615_

(Plaintiff's telephone number) (_773_) - _891-1692_

(Guide to Civil Cases for Litigants Without Lawyers: Page 47)



**Advancing the human and civil rights of people with disabilities**
SELF-ADVOCACY ASSISTANCE ★ LEGAL SERVICES ★ DISABILITY RIGHTS EDUCATION ★ PUBLIC POLICY ADVOCACY ★ ABUSE INVESTIGATIONS

August 27, 2010

<u>**VIA OVERNIGHT MAIL**</u>
<u>**FOR SATURDAY DELIVERY**</u>

Lisa N. Leverett
933 E. 54th Place #3
Chicago, IL 60615

Dear Lisa,

As we discussed today, enclosed is the Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC) and the letter we previously sent you with the Notice. Please call me Monday afternoon to discuss further. Thank you.

Sincerely,

*Alan M. Goldstein (cge)*

Alan M. Goldstein
Senior Attorney

Enclosures

THE INDEPENDENT, FEDERALLY MANDATED PROTECTION & ADVOCACY SYSTEM FOR THE STATE OF ILLINOIS
DUANE C. QUAINI, BOARD CHAIRPERSON    ZENA NAIDITCH, PRESIDENT & CEO

MAIN OFFICE: 20 N. MICHIGAN AVENUE, SUITE 300 ★ CHICAGO, IL 60602 ★ EMAIL: CONTACTUS@EQUIPFOREQUALITY.ORG ★ TEL: (312) 341-0022
TOLL FREE: (800) 537-2632 ★ TTY: (800) 610-2779 ★ FAX: (312) 341-0295 ★ MULTIPLE LANGUAGE SERVICES / AMERICAN SIGN LANGUAGE
WWW.EQUIPFOREQUALITY.ORG

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2009-05211 |
|---|---|---|

Illinois Department Of Human Rights **and EEOC**
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Lisa N. Leverett | (773) 891-1692 | 08-25-1968 |

Street Address: 1336 E. Hyde Park Blvd. #1, Chicago, IL 60615

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MEADVILLE LOMBARD THEOLOGICAL SCHOOL | 15 - 100 | (773) 256-3000 |

Street Address: 5701 South Woodlawn Avenue, Chicago, IL 60637

DISCRIMINATION BASED ON *(Check appropriate box(es).)*:
☐ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 05-29-2009
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I began employment with Respondent in January 2009. My last positions were in the Library and Registrars Office. I requested a reasonable accommodation and was denied. I complained about the denial and was subjected to harassment. I applied for full-time positions with Respondent and was denied. One position was given to a less experienced candidate of Respondent's preferred religious faith.

I believe I have been discriminated against because of my religion, non-Unitarian Universalism, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I also believe I have been discriminated against because of my disability and retaliated against for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED EEOC
JUN 23 2009
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jun 23, 2009
*Date — Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lisa N. Leverett<br>1336 E. Hyde Park Blvd., #1<br>Chicago, IL 60615 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL 7010 0780 0001 7850 1939**

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2009-05211 | Michael J. Honkanen,<br>Investigator | (312) 353-7312 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)     *John P. Rowe*     6/4/10
                John P. Rowe,        (Date Mailed)
                District Director

cc:     **MEADVILLE LOMBARD THEOLOGICAL SCHOOL**